IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MICHAEL COLLINS                                                                              PLAINTIFF

V.                                                                   CIVIL ACTION NO.3:03CV175-NBB-JAD

EMMANUEL ISEN, et al                                                                       DEFENDANTS

## REPORT AND RECOMMENDATION

The undersigned has considered the defendants' motion to dismiss and/or for summary judgment (Doc. 33). The plaintiff has filed no response.

Michael Collins reported to the Marshall County Correctional Facility to begin serving his sentence. He arrived wearing a gold colored chain with a gold pendant. He was advised by the defendants that he could not keep this jewelry in the prison and that he would have to pay for it to be mailed home. Collins paid for the postage and the jewelry never arrived at his sister's home. Collins filed an administrative grievance. He was advised that the investigation showed that the jewelry had been mailed and that the United States Postal Service would only allow Collins or his family to try to track the package within the postal service. Dissatisfied, Collins filed this § 1983 action, for the deprivation of his property, which he alleges the defendants have lost, stolen or misplaced.

The defendants have filed a motion to dismiss and/or for summary judgment, attaching affidavits and other exhibits. The undersigned has treated this as a motion for summary judgment. As such, all facts are considered in favor of the non-moving party, including all reasonable inferences therefrom. *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). But in the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (emphasis omitted).

Rule 56(e) Fed.R.Civ.P. requires that an adversary set forth facts that would be admissible at trial. Material that would be inadmissible cannot be considered on a motion for summary judgment since it would not establish a genuine issue of material fact.

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof. A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." Washington v. Armstrong World Indus., 839 F.2d 1121, 1122 (5th Cir.1988) (citing Celotex Corp. v. Catrett, 477 U.S. at 323, 106 S.Ct. at 2553). If the party with the burden of proof cannot produce any summary judgment evidence on an essential element of his claim, summary judgment is required. *Geiserman v MacDonald.* 893 F 2d 787, 793(5th Cir. 1990).

The defendants contend that Collins' complaint fails to state a claim or alternatively that Collins cannot prove a tort of constitutional magnitude. The undersigned finds no need to consider whether or not Collins has stated a claim or whether or not the post-deprivation remedies available to him meet constitutional muster. One thing is perfectly clear. In order to survive the motion for summary judgment Collins must come forward with sufficient admissible evidence to show that the defendants factually were responsible for the disappearance of his property.

On the record there is no material dispute that the package containing Collins' jewelry was delivered to the United States Postal Service by someone with the Marshall County Correctional Facility. Attached to the motion as Exhibit "C" are the return receipt stamped by the Holly Springs, Mississippi post office showing the mailing to the individual designated by Collins. This exhibit also shows "NO RECORD OF DELIVERY" with the stamp of the "Memphis Claims" of the USPS. The conclusory allegations of Collins' complaint accusing the defendants of being responsible for

2

the loss of his property are not evidence and do not create any triable issue of fact. There is no factual dispute that the defendants are not in fact responsible for whatever happened to Collins' property. They can have no legal responsibility for what became of his belongings after they delivered them to the United States Postal Service.

With this failure of proof, any other disputes regarding the facts are no longer material. The defendants are entitled to judgment as a matter of law. The undersigned recommends that the motion for summary judgment be granted and the complaint be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 13th day of April, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE